UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

O.D.W. (XXX-XX-3705)            CIVIL ACTION NO. 09-cv-0023

VERSUS

U.S. COMMISSIONER SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

      O.D.W. ("Plaintiff") has a high school education and no past relevant work. She applied for disability benefits, at the age of 44, based on mental and physical problems. ALJ Charles Lindsay held a hearing and issued a written decision to deny benefits.

      The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

      This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ found at step two that Plaintiff has the following severe impairments: major depressive disorder, personality disorder, shoulder pain, peripheral neuropathy, and a history of left foot injury and surgery. He reviewed the evidence and determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with certain physical limitations and (relevant here) moderate limitations in the ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, and set realistic goals or make plans independently of others.

Plaintiff lists as errors on appeal the ALJ's finding of moderate limitations with regard to (1) the ability to maintain attention and concentration for extended periods, (2) the ability to remember detailed instructions, and (3) appropriate interaction with the general public or setting realistic goals or making plans independently of others. She argues that the ALJ incorrectly relied on language in the conclusion of a consultative evaluation that was inconsistent with findings made in the body of the evaluation report.

The consultative psychological evaluation at issue was performed by Dr. Mark Dulle. Plaintiff reported to Dulle that she went to a mental health clinic some years ago and again the prior year, but she "didn't know what for." She said she went to LSU-HSC, and the related records indicated an assessment of stable depression and anxiety. Plaintiff checked in hours early for her appointment with Dr. Dulle, and she then left on foot for a four-hour shopping trip to nearby stores before returning for her exam. Plaintiff showed no physical difficulty during the examination. Plaintiff allowed good eye contact, her language appeared to be within normal limits, and she seemed to hear and process all that was said to her. Her mood seemed good, and Plaintiff said her mood that day was typical. Her stream of thinking appeared organized and goal directed. Plaintiff's long-term memory appeared intact, but her immediate memory was poor. Plaintiff appeared to focus her attention without difficulty, and she worked at a moderate pace with good persistence and few errors. Plaintiff demonstrated "little to no ability" to handle abstractions, such as finding meaning in adages. Her insight also appeared to be poor, and her social judgment was inconsistent.

Dr. Dulle wrote in conclusion that Plaintiff's prognosis appeared "somewhat guarded." Plaintiff had been diagnosed with depression and anxiety, but her current medication appeared to be effective. She presented no significant depression or anxiety during the evaluation. Dr. Dulle concluded with the comment: "In my opinion, [Plaintiff] is capable of functioning psychologically in an adequate manner within the workplace on a sustained basis." Tr. 142-44.

Linda Hartwell, Ph.D., a state agency non-examining psychologist, completed a functional capacity assessment and found that Plaintiff was not significantly limited in her ability to remember locations and work-like procedures, or to understand and to remember very short and simple instructions. Dr. Hartwell found that Plaintiff was "not significantly limited" in all areas except she found Plaintiff was moderately limited in her ability to understand, remember, and carry out detailed instructions, and moderately limited in the ability to set realistic goals or make plans independently of others. Tr. 159-61.

The ALJ reviewed Dr. Dulle's report at length and fairly set forth his specific findings with respect to various abilities, as well as his general conclusion that Plaintiff was capable of functioning psychologically in an adequate manner in the workplace. Tr. 16-17. The ALJ then imposed moderate limitations in areas consistent with the findings of Dr. Hartwell. Tr. 18. Plaintiff argues that the ALJ's decision with respect to these limitations is not supported by substantial evidence because the references in Dr. Dulle's report to "poor" or "inconsistent" abilities in some areas is at odds with his general conclusion. The court finds that the ALJ fairly interpreted Dr. Dulle's report and there are no internal contradictions in the report that would deprive the agency decision of substantial evidence. Not every mention of a "poor" ability in some aspect of life mandates a finding of a greater than moderate limitation. The ALJ's RFC is further supported by Dr. Hartwell's findings. No judicial relief is warranted with respect to Plaintiff's arguments that attack the moderate mental limitations and the ALJ's reliance on Dr. Dulle's conclusion.

Plaintiff also challenges the ALJ's finding that she can perform the demands of ticket seller and cashier II and that such jobs exist in significant numbers. A vocational expert ("VE") testified and answered hypothetical questions about the ability of a person with certain limitations and abilities to perform jobs. During the course of the testimony, the VE identified in response to some of the questions the jobs cashier II, ticket seller, telephone information clerk, and document preparer. Each of those jobs was listed in the ALJ's decision. Tr. 21.

The ALJ's RFC included a limitation of no more than frequent reaching, handling, and fingering. The VE testified that the ticket seller job would be eliminated by that limitation, and the cashier II job was identified in response to a question that assumed the ability to do light work (rather than the sedentary work in Plaintiff's RFC). Tr. 50-52. Thus, the two remaining jobs are document preparer (62,000 in the U.S.; 800 in Louisiana) and telephone information clerk (98,000 in the U.S.; 1,200 in Louisiana). Plaintiff argues that her memory, social judgment, and other mental abilities do not permit her to perform those two jobs. The court found above, however, that the ALJ's RFC findings with regard to the extent of those mental limitations was supported by substantial evidence, and the VE testified that a person with the found limitations could perform the demands of those jobs.

Plaintiff appears to offer an argument that the remaining number of jobs are not significant. Work exists in the national economy when it exists in significant numbers in the region in which the claimant lives or in several other regions of the country, regardless of

whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for such work. 20 C.F.R. §§ 404.1566(a) and 416.966(a). There is no magic formula for determining when the number of available jobs reaches the level of significance, but courts have found that the availability of even a few hundred jobs in a small state such as Louisiana can be significant. See cases collected in Lombard v. Barnhart, 2003 WL 22466178, n. 7 (D. Me. 2003) and Mercer v. Halter, 2001 WL257842 (N.D. Tex. 2001). The court finds that the VE's testimony that there are 2,000 such jobs available in Louisiana presents substantial evidence that there is a significant number of such jobs available. Accordingly, the decision of the Commissioner to deny benefits will be affirmed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE